**E. J. MATRANGA, Plaintiff-Appellee,**

v.

**The TRAVELERS INSURANCE COMPANY, Defendant-Appellant.**

**No. 77–1120.**

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1977.

Robert E. Hauberg, U. S. Atty., Joseph E. Brown, Jr., Asst. U. S. Atty., Jackson, Miss., for defendant-appellant.

Fred A. Ross, Jr., Jackson, Miss., for plaintiff-appellee.

Before COLEMAN and TJOFLAT, Circuit Judges, and NIXON,* District Judge.

PER CURIAM:

The Travelers Insurance Company, defendant below, is a contract carrier through which the Secretary of Health, Education and Welfare administers the Medicare Act, 42 U.S.C. §§ 1395c–1395qq (1970) (amended 1976). Travelers brings this interlocutory appeal, 28 U.S.C. § 1292(b), from the district court's denial of its motion for summary judgment, contending that the district court lacked subject matter jurisdiction over Travelers under the doctrine of sovereign immunity. We agree and direct the district court to enter judgment for the appellant.

Dr. E. J. Matranga, a podiatrist in Jackson, Mississippi, filed this action on the theory that Travelers was liable to him for willful and wanton misconduct in processing Medicare claims that he had submitted to Travelers to cover professional services rendered to nursing home patients. Travelers' misconduct was alleged to be the improper withholding of payments to Dr. Matranga and the referral of his case to the Social Security Administration for investigation.

We held in *Peterson v. Weinberger*, 508 F.2d 45, 51–52 (5th Cir. 1975), and *Peterson v. Blue Cross/Blue Shield of Texas*, 508 F.2d 55 (5th Cir. 1975), that the district court lacks jurisdiction over such Medicare fiscal intermediaries as Travelers under the doctrine of sovereign immunity. The Medicare Act authorizes the Secretary of Health, Education and Welfare to provide for the administration of the Act through contract "carriers." 42 U.S.C. § 1395u (1970) (amended 1976). Travelers is such a carrier. Although Travelers makes determinations of amounts to be paid on claims and disburses funds provided by the government, the United States is the real party in interest. 20 C.F.R. § 405.670 (1977).

Travelers was acting under the direction of the Secretary of Health, Education and

* District Judge for the Southern District of Mississippi, sitting by designation.

Welfare and there is nothing in the record to indicate that Travelers was acting outside the perimeters of its official duties in its dealings with Dr. Matranga. The district court erred in declining to grant Travelers' motion for summary judgment. The district court, therefore, is directed to enter judgment for the appellant.

REVERSED AND REMANDED WITH INSTRUCTIONS.