**Lydia B. ANDERSON,**
**Plaintiff-Appellant,**

v.

**OCCIDENTAL LIFE INSURANCE CO.**
**OF CALIFORNIA, a corporation,**
**Defendant-Appellee.**

No. 82–5893.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 1983.
Decided March 6, 1984.

Stephen W. Berger, Newport Beach, Cal., for plaintiff-appellant.

James R. Sullivan, Los Angeles, Cal., for defendant-appellee.

Before GOODWIN and ANDERSON, Circuit Judges, and CROCKER *, District Judge.

PER CURIAM.

Lydia Anderson appeals from a judgment dismissing her claim for negligent infliction of mental anguish by an insurance carrier. We affirm.

In February 1981, Anderson submitted Medicare claims to Occidental Life Insurance Company, a Medicare carrier by contract with the United States Department of Health and Human Services. In May 1981, Occidental mailed her a check in satisfaction of her claim. She never received the check. It was returned by the post office with the notation "deceased" on the envelope. Occidental reprogrammed its computer and addressed subsequent communications to the "deceased" or to her "estate."

Despite letters from Anderson, her doctor, and her attorney attesting that she was alive and unhappy at being deemed deceased, Occidental did not correct its error until October 1981.

* The Honorable Myron Donovan Crocker, Senior United States District Judge for the Eastern

Anderson's attorney prepared a damage claim for five months of anguish and sought to negotiate a settlement. When that failed, Anderson filed an action in Orange County Superior Court for violation of California Insurance Code § 790.03, intentional infliction of emotional distress, negligent infliction of emotional distress and negligence.

The United States government answered Anderson's complaint on the theory that it was the real party in interest because of Occidental's contract with the government to be a Medicare carrier. The United States Attorney caused the case to be removed to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1442(a)(1). The government then moved either for dismissal or for summary judgment on the ground that Anderson's case was barred by sovereign immunity. Anderson moved to have the case remanded to state court. The district court denied Anderson's motion and dismissed the case for lack of subject matter jurisdiction.

If the United States is not the real party in interest, Anderson is prohibited from bringing this appeal because it was not filed within 30 days. Fed.R.App.P. 4(a)(1). If the United States is the real party in interest, Anderson has no claim because of the doctrine of sovereign immunity.

The United States is the real party in interest in actions against Medicare carriers because recovery would come from the federal treasury. Accordingly, the United States cannot be sued without its consent. *Mitchell v. Occidental Insurance, Medicare,* 619 F.2d 28, 30 (9th Cir.1980); *Peterson v. Blue Cross/Blue Shield of Texas,* 508 F.2d 55, 57–58 (5th Cir.) *cert. denied,* 422 U.S. 1043, 95 S.Ct. 2657, 45 L.Ed.2d 694 (1975). Even where plaintiff alleges willful and wanton misconduct sovereign immunity protects the Medicare funds. *Matranga v. Travelers Insurance Co.,* 563 F.2d 677 (5th Cir.1977).

District of California, sitting by designation.

The district court held that Occidental was engaged in activities related to its responsibilities as a carrier under the Medicare contract and that the doctrine of sovereign immunity served to preclude jurisdiction in either federal or state court. Anderson argues that the United States is under no obligation to indemnify Occidental under the terms of its contract. But the contract excepts only criminal, fraudulent or grossly negligent acts from indemnification. It provides no exclusion for the kind of negligence described in this complaint.

Affirmed.