**TRAUMA SERVICE GROUP, Plaintiff,**

v.

**Philip J. KEATING, et al., Defendants.**

**Civ. A. Nos. 95–5654, 95–5864 and 95–5268.**

United States District Court,
E.D. Pennsylvania.

Nov. 20, 1995.

Trauma Service Group, Dr. Joseph F. Nowoslawski, Exton, PA, pro se.

James G. Sheehan, Assistant U.S. Attorney, Civil Division, Philadelphia, PA, Nadine M. Overton, U.S. Attorney's Office, Philadelphia, PA, for Norman L. LeBlanc.

## ORDER AND MEMORANDUM

KATZ, District Judge.

**AND NOW,** this 20th day of November, 1995, upon consideration of Defendants' Motion To Dismiss Plaintiff's Complaints Or In The Alternative For Summary Judgment, and the plaintiff's response thereto, it is hereby **ORDERED** that defendants' Motion is **GRANTED** as detailed herein and the Clerk shall mark these actions **CLOSED.**

Plaintiff, Trauma Service Group ("TSG"), provided medical services at various military medical facilities to persons who were eligible for care under the Civilian Health and Medical Program of the Uniformed Services ("CHAMPUS"). Plaintiff brings these actions against individual defendants MSgt. LeBlanc and Barbara O'Neil for medical services provided to these defendants or their immediate family members at Hanscom Air Force Base.[1] Plaintiff seeks $140.00 from defendant LeBlanc and $85.00 from defendant O'Neil. Defs.' Exh. A. Additionally, plaintiff seeks $7,707.47 from defendant Colonel Philip J. Keating. *Id.* The basis of TSG's suit against Keating is that Keating is the Medical Commander for the Winn Army Community Hospital in Fort Stewart, Georgia and as such, plaintiff contends that he is responsible for reimbursing the plaintiff for care rendered to patients who are ineligible for CHAMPUS benefits. Pl.'s Response ¶ 10. As to LeBlanc and O'Neil, this court lacks subject matter jurisdiction over the claims against them because the plaintiff has failed to exhaust its administrative remedies. Additionally, the Defense Department program pursuant to which the subject medical services were provided specifically forbids collection directly from members of the Armed Forces. The claim against Keating is barred by official immunity. Accordingly, the defendants' motion is granted.

■ In deciding a motion to dismiss, the factual allegations of the complaint are to be accepted as true, reasonable factual inferences must be drawn in favor of the non-movant, and the complaint should be dismissed only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. *D.P. Enterprises, Inc. v. Bucks County Community College,* 725 F.2d 943, 944 (3d Cir.1984). In deciding a motion to dismiss, the Court is permitted to consider only the pleadings and matters of public record. *Mir v. Little Co. of Mary Hosp.,* 844 F.2d 646 (9th Cir.1988). If evidence outside the pleadings is considered, a motion to dismiss should be treated as a motion for summary judgment pursuant to Fed.R.Civ.P. 56. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). At the summary judgment stage, the court does not weigh the evidence and determine the truth of the matter. Rather, it determines whether or not there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing there are no genuine issues of material fact, *Gans v. Mundy,* 762 F.2d 338, 340–41 (3d Cir.), *cert. denied,* 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985), and, in response, the non-moving party may not rely merely upon bare assertions, conclusory allegations, or suspicions. *Fireman's Ins. Co. of Newark v. DuFresne,* 676 F.2d 965, 969 (3d Cir.1982).

## THE CLAIMS AGAINST LEBLANC AND O'NEIL

### Failure to Exhaust Administrative Remedies

The services for which plaintiff seeks payment were rendered at the Hanscom, Massa-

---

**1.** Although retired, LeBlanc and his dependents qualify for CHAMPUS benefits. 32 C.F.R. § 199.3(b). Similarly, O'Neil qualifies for CHAMPUS benefits as a former spouse of a former member of the military. 32 C.F.R. § 199.3(b)(2)(ii).

chusetts, Air Force Base Clinic ("Hanscom") and Winn Army Community Hospital ("Winn"), pursuant to a Memorandum of Understanding ("MOU") and an Internal Partnership Agreement (the "Agreement") between plaintiff and the clinics. Defs.' Exhs. F, G. Through the MOU and the Agreement, TSG agreed to provide medical services to the dependents of military personnel in accordance with the Defense Department's CHAMPUS program. *Id.* Beneficiaries and providers submit claims pursuant to CHAMPUS regulation that are processed by fiscal agents, fiscal intermediaries for the government, or managed care fixed price contractors according to the requirements imposed by the Office of CHAMPUS. 10 U.S.C. § 1079(n). Submission of claims in the proper format is not a guarantee of payment. The care must be considered medically necessary and appropriate for CHAMPUS coverage to be granted. 10 U.S.C. § 1079(a)(13). Payment is made with funds appropriated by Congress. 10 U.S.C. § 1100; 32 C.F.R. § 199.1(e).

The CHAMPUS regulations provide an extensive administrative appeal procedure. 32 C.F.R. § 199.10. Generally, when a claim form is submitted, the CHAMPUS fiscal intermediary will adjudicate it and issue a CHAMPUS explanation of benefits (CEOB). 32 C.F.R. § 199.10(a)(1)(D); *see, e.g.,* Defs.' Exh. K. If the claim is totally or partially denied, the beneficiary or participating provider can request consideration by the fiscal intermediary of any denial. Succeeding levels of appeal can include a formal review by the Office of CHAMPUS, a hearing before an independent hearing officer who will render a recommended decision, and a Final Decision by either the Director, Office of CHAMPUS, or the Assistant Secretary of Defense (Health Affairs), acting upon the Recommended Decision of the hearing officer. 32 C.F.R. § 199.10(b)–(e).

■ "The doctrine of exhaustion of administrative remedies requires that parties first use all prescribed administrative remedies for resolving conflict before they seek judicial remedies.... This doctrine serves judicial economy by preventing piecemeal judicial review of agency actions and facilitates

judicial review by allowing the administrative tribunal to use its expertise to develop a complete factual record.... Further, the doctrine serves to prevent the courts from frustrating congressional decisions to have certain disputes resolved originally in administrative forums." *Facchiano v. United States Dept. of Labor,* 859 F.2d 1163, 1166–67 (3d Cir.1988) (citations omitted), *cert. denied,* 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989). Exhaustion is generally required unless 1) the challenged agency action involves a "clear and unambiguous violation of statutory rights or constitutional rights," 2) irreparable injury will result from resorting to the administrative process, or 3) exhaustion is futile. *Id.* at 1167–68 (citations omitted); *see also McCarthy v. Madigan,* 503 U.S. 140, 146–48, 112 S.Ct. 1081, 1087–88, 117 L.Ed.2d 291 (1992) (exhaustion not required where administrative process cannot grant effective relief, will result in unreasonable delay, or is biased).

■ There is no record of plaintiff having availed itself of the administrative process available under 32 C.F.R. § 199.10 for resolution of its grievances prior to the filing of these complaints. Defs.' Exh. H ¶ 4. Moreover, plaintiff does not aver that any exception to the exhaustion doctrine applies. Rather, it refers the court to a letter apparently sent to Ms. Sabo at the Chief Office of Program Integrity as "evidence" of its exhaustion of administrative remedies. *See* Pl.'s Response ¶ 2 & Exh. B.

Requiring exhaustion of administrative remedies is entirely appropriate under this statutory framework. Plaintiff is seeking payment for small claims against members of the armed forces. CHAMPUS provides for a detailed adjudication of these claims by a tribunal more familiar with the interworkings and requirements of CHAMPUS. *Cf. National Ass'n of Psychiatric Treatment Centers for Children v. Mendez,* 857 F.Supp. 85, 91 n. 7 (D.D.C.1994) (not requiring exhaustion under CHAMPUS only because the plaintiff challenged "the legality and constitutionality of the certification and coverage procedures, rather than the results of individual cases in which certification or coverage was denied"). Moreover, the CHAM-

PUS statute traces the Social Security Act, under which courts have held that exhaustion of administrative remedies is required. *See, e.g.,* 10 U.S.C. § 1079(o)(2) (peer review program under CHAMPUS may adopt or adapt requirements or procedures of the peer review program required under the Social Security Act); 10 U.S.C. § 1106 (historical and statutory notes (c)) (requiring consistency with Medicare claim processing requirements); *Abbey v. Sullivan,* 978 F.2d 37, 47 (2d Cir.1992) (requiring plaintiffs to exhaust administrative remedies where dispute was over the application of valid Medicare claim regulations).

### CHAMPUS Regulations Bar Suit Against LeBlanc and O'Neil

■ Under the CHAMPUS program, plaintiff may not seek payment for CHAMPUS covered services directly from individual members of the military. 10 U.S.C. § 1096, *et seq.;* 32 C.F.R. § 199.7(c)(2)(i)(B); *see also* Defs.' Exhs. J, K (alerting TSG to nonliability of patients). The federal regulations applicable to the CHAMPUS program provide, in pertinent part:

> ... the provider has agreed ... that the CHAMPUS-determined allowable charge or cost will constitute the full charge or cost for the medical care listed on the specific claim form; and further agrees to accept the amount paid by CHAMPUS or the CHAMPUS payment combined with the cost-shared amount[2] paid by, or on behalf of the beneficiary [i.e. the dependent of the covered member of the military], as full payment for the covered medical services or supplies.
>
> (1) *Thus, neither CHAMPUS nor the sponsor [i.e. the covered member of the military] is responsible for any additional charges, whether or not the CHAMPUS-determined charge or cost is less than the billed amount.*
>
> (2) Any provider who signs and submits a CHAMPUS claim for and then violates the agreement by billing the beneficiary or the sponsor for any difference between the CHAMPUS-determined charge or cost and

the amount billed is acting in bad faith and is subject to penalties including withdrawal of CHAMPUS approval....

32 C.F.R. § 199.7(c)(2)(i)(B). Thus, the instant collection actions against the defendants for CHAMPUS benefits are prohibited by law, and summary judgment in favor of defendants O'Neil and LeBlanc on such claims is appropriate. *FLRA v. United States Dept. of Navy,* 966 F.2d 747, 762 (3d Cir.1992) (regulations promulgated by an agency to implement a statute carry the force of law).

■ Additionally, should plaintiff be seeking payment for "cost shared amounts" or for services provided outside the CHAMPUS program, venue in this district is improper. 28 U.S.C. § 1391. Neither defendant is identified as a citizen of Pennsylvania. Plaintiff's state court complaints identify O'Neil and LeBlanc as residents of Massachusetts. Accordingly, dismissal of such claims for improper venue is appropriate.

## THE CLAIM AGAINST KEATING

■ The claim against Keating is dismissed, without prejudice to plaintiff's bringing an appropriate action against the United States. If plaintiff brings such an action, it must be represented by an attorney. *Simbraw, Inc. v. United States,* 367 F.2d 373 (3d Cir.1966).

Any claim against Keating in his official capacity is barred by official immunity. *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) (plurality). Since Keating is identified as a citizen of Georgia, venue in this district is improper. 28 U.S.C. § 1391.

Keating is being sued because he is Winn's Medical Commander, and plaintiff contends that as such, Keating is obligated under the MOU and Agreement to pay for those patients not covered by CHAMPUS. Here is the basic issue:

1. The complaint against Keating attached a list of patients who were rendered

---

**2.** The "cost-shared amount" refers to any copayment paid by a beneficiary's health insurance

carrier. 32 C.F.R. § 199.8(a).

care and who were *not* eligible for CHAMPUS benefits. *See* defendants' Brief in Support of Defendants' Motion to Dismiss or in the Alternative for Summary Judgment at 2.

2. The government's contention is that the only reason that TSG was allowed access to the hospital was to provide CHAMPUS care pursuant to the Internal Partnership Agreement, which according to federal regulations can only be entered into to provide care for CHAMPUS patients. *Id.* The cited regulation defines an internal partnership agreement as "enabl[ing] the use of civilian health care personnel or use of resources to provide medical care to CHAMPUS beneficiaries...." 32 C.F.R. § 199.2.[3]

3. However, the Agreement and MOU state that the Hospital Commander will "[p]rovide appropriate reimbursement, subject to availability of funds and approval of the hospital Commander, for care rendered in the MTF to patients not eligible for CHAMPUS benefits as outlined in MEDDAC Regulation 40–3 and by the Chief, Resource Management Division." A computer search reveals that MEDDAC refers to U.S. Army Medical Department Activity.

4. Thus, the federal regulation is unclear as to what reimbursement is appropriate for the treatment of those ineligible for CHAMPUS benefits.

Regarding a suit against the United States:

1. Since the plaintiff seeks payment for patients ineligible for CHAMPUS, going through the administrative CHAMPUS process would be futile because plaintiff cannot recover from CHAMPUS.

 2. To the extent that this is a suit under CHAMPUS, under the Tucker Act (28 U.S.C. § 1346(b)), the United States has waived its sovereign immunity and granted district court jurisdiction.[4] This is a case for less than $10,000 and founded on a federal regulation.[5]

3. To the extent that this is a suit for breach of contract, the U.S. has waived its sovereign immunity under the Tucker Act once again.

Thus, this dispute boils down to the responsibility of the United States for care rendered to patients ineligible for CHAMPUS benefits where the guiding regulation only addresses CHAMPUS patients but where the MOU and Agreement provide for payment for care rendered to patients ineligible for CHAMPUS benefits. This is not the suit plaintiff filed. Its resolution must await a later day.

---

**3.** Note, however, the word "only" is not used.

**4.** The cases cited defendants are not to the contrary. *Woods Psychiatric Instit. v. United States,* 20 Cl.Ct. 324 (1990), *aff'd,* 925 F.2d 1454 (Fed. Cir.1991) and *Grant Assocs. v. United States,* 11 Cl.Ct. 816 (1987) merely stand for the proposition that CHAMPUS is a federal question. *King v. United States,* 215 Ct.Cl. 876 (1977) only shows that the Court of Federal Claims has jurisdiction over CHAMPUS suits. In *Green Hosp. v. United States,* 23 Cl.Ct. 393 (1991), the court distinguished a Supreme Court, which held there was exclusive jurisdiction in the *district* court in a suit against the Department of Health and Human Services, on the grounds that equitable relief was not sought in the matter before it. (The fact that the Court of Federal Claims could not grant equitable relief was one reason the Supreme Court had found the district court had exclusive jurisdiction.) Contrary to defendants' stance, the case allows a suit under CHAMPUS to go forward under the Tucker Act, thus implic-

itly showing that sovereign immunity as to CHAMPUS actions has indeed been waived. Finally, in *Sellers v. Brown,* 633 F.2d 106 (8th Cir.1980), the Court of Federal Claims was found to have exclusive jurisdiction because the claim was for over $10,000. That is not the case here.

**5.** The cases cited by the defendant, arguing that fiscal intermediaries cannot be sued by Medicare claimants are inapposite. *Matranga v. Travelers Ins. Co.,* 563 F.2d 677 (5th Cir.1977) holds that Travelers is immune from suit, giving lip service to official immunity and sovereign immunity, but the basis of the suit was willful and wanton misconduct. *Anderson v. Occidental Life Ins. Co.,* 727 F.2d 855 (9th Cir.1984) finds sovereign immunity in a suit for intentional infliction of emotional distress. However, as the cases cited by defendants listed in the previous footnote clearly show, the United States has waived its immunity under CHAMPUS regulations and contract claims—neither of these cases deal with those issues.