United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20394

_____

TROY MARSAW; LOVING CARE PHYSICAL MEDICINE, INC.;
LOVING CARE PHYSICAL MEDICINE OF BRENHAM INC.,
doing business as Brenham Rehab Clinic;
LOVING CARE PHYSICAL MEDICINE OF BRYAN, INC.,
doing business as Bryan Rehab Clinic,

Plaintiffs - Appellants,

versus

TOMMY THOMPSON, SECRETARY,
DEPARTMENT OF HEALTH & HUMAN SERVICES;
TRAILBLAZER HEALTH ENTERPRISES, LLC,

Defendants - Appellees.

---

Appeal from the United States District Court
For the Southern District of Texas
No. 4:03-CV-1197

---

Before REAVLEY, JONES and GARZA, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Troy Marsaw and his rehabilitation clinics appeal from the district court's dismissal for lack of subject matter jurisdiction of his constitutional, civil rights, and state law damages claims stemming from the denial of Medicare reimbursements. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This is the second case brought by Troy Marsaw, the owner of several Medicare providers, and his clinics (collectively "Marsaw") against the Secretary of the United States Department of Health and Human Services ("the Secretary" or "HHS") and the Medicare contractor, Trailblazer Health Enterprises, L.L.C. ("Trailblazer"). In October 2001, Marsaw filed his first action against Trailblazer and the Secretary. Marsaw, an African-American, alleged that Trailblazer engaged in racial discrimination when it placed Marsaw's clinics in pre-payment review (which forced the clinics to engage in lengthy administrative work to receive Medicare reimbursements) and then denied reimbursements of the submitted claims, ultimately forcing Marsaw out of business. Marsaw's complaint sought an injunction to correct the Medicare administrative process and judicial review of denied Medicare claims. Marsaw also alleged causes of action for violations of his rights under the equal protection and due process clauses of the Fifth Amendment of the United States Constitution; 42 U.S.C. § 1981; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; and state law causes of action for tortious interference with contract or prospective business relations.

The district court found that Plaintiffs' claims "arose under" the Medicare Act and that Marsaw's failure to exhaust administrative remedies, as required by 42 U.S.C. § 405(g) of the Social Security Act, precluded judicial review of the pending claims based on a lack of subject matter jurisdiction. See Marsaw

2

v. Trailblazer Health Enterprises, L.L.C., 192 F. Supp. 2d 737 (S.D. Tex. 2002). This determination was not appealed.

In this second action, filed on January 17, 2003, Marsaw alleges that his clinics have completed the administrative review process and have been awarded payment of 98 percent of the Medicare claims previously denied by Trailblazer. However, Marsaw seeks an additional $50 million in damages from the Secretary and Trailblazer for initially denying the Medicare claims. Marsaw's factual allegations and legal claims in this second action are the same as in the first action.

The district court dismissed Marsaw's second suit, holding that (1) Marsaw's various claims arise under Medicare because they are inextricably intertwined with a substantive claim of administrative entitlement; (2) the fact that Marsaw seeks damages for constitutional violations beyond the reimbursement payments available under Medicare does not undercut this conclusion; and (3) § 405(g) precluded federal question jurisdiction because Marsaw had successfully litigated his benefits claims before the administrative law judge.

Finally, the district court held that a civil rights suit against the Secretary in his official capacity was barred by sovereign immunity and, further, because the Secretary was not being sued in his individual capacity, neither Bivens nor the civil rights statutes provided a jurisdictional predicate for the action. The district court also held that Trailblazer, as a Medicare

3

"carrier," could not be sued under <u>Bivens</u> or the civil rights statutes because it was a private insurer acting under color of federal law.

On appeal, Marsaw asserts federal jurisdiction over an implied right of action based on <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). We review dismissals for lack of subject matter jurisdiction de novo, using the same standards as those employed by the lower court. <u>Beall v. United States</u>, 336 F.3d 419, 421 (5th Cir. 2003). We must take as true all of the complaint's uncontroverted factual allegations. <u>John Corp. v. City of Houston</u>, 214 F.3d 573, 576 (5th Cir.2000).

Significantly, Marsaw does not challenge the district court's determination that Secretary Thompson is entitled to sovereign immunity. He has waived any argument to the contrary. <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).

As to the defendant Trailblazer, there are several reasons Marsaw failed to meet his burden to demonstrate federal subject matter jurisdiction. First, there is no implied private right of action, pursuant to <u>Bivens</u>, for damages against private entities such as Trailblazer that engage in alleged constitutional deprivations while acting under color of federal law. <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 122 S. Ct. 515 (2001).

Second, Marsaw's constitutional claims arise under the Medicare Act (and are not collateral to it) because they are "inextricably intertwined" with plaintiffs' substantive claims for

4

entitlement under Medicare. See Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282 (5th Cir. 1999). As in Affiliated, to fully address Marsaw's claim that his constitutional rights were violated through the improper enforcement of Medicare regulations, a court would necessarily have to review the propriety of thousands of Trailblazer's Medicare claims determinations and the decisions of its hearing officers to evaluate whether there was legitimate doubt about Marsaw's compliance. Section 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act. Heckler v. Ringer, 466 U.S. 602, 614-615, 104 S. Ct. 2013, 80 L.Ed.2d 622 (1984). A condition for jurisdiction under § 405(g) is that the Medicare system has made a determination adverse to the claimant. Weinberger v. Salfi, 422 U.S. 749, 758 n.6, 95 S. Ct. 2457, 2464 n.6 (1975). Because Marsaw has now received precisely the Medicare payments he claims were wrongfully denied, and the statute entitles him to no other relief, his case is moot.

The constitutional nature of Marsaw's claim does not, by itself, alter that conclusion. Affiliated, 164 F.3d at 285. In Schweiker v. Chilicky, 487 U.S. 412, 108 S. Ct. 2460 (1988), the Supreme Court refused to extend a Bivens claim to recipients of Social Security disability benefits who, although their benefits had been reinstated, claimed that defendants' unconstitutional conduct resulted in the wrongful termination of benefits, causing injury above and beyond the amount they temporarily lost in

5

benefits alone. Following <u>Chilicky</u>, this court will not imply a <u>Bivens</u> remedy for an alleged constitutional violation in the denial of Medicare Act reimbursements, because Congress created a comprehensive statutory administrative review mechanism, which was intended fully to address the problems created by wrongful denial of Medicare reimbursements. Moreover, "the harm resulting from the alleged constitutional violation cannot be separated from the harm resulting from the denial of the statutory right." <u>Chilicky</u>, 487 U.S. at 428, 108 S. Ct. at 2470.

Third, Trailblazer qualifies for sovereign immunity because it was acting under the direction of the federal government in performing duties delegated by HHS. <u>See</u> <u>Matranga v. Travelers Ins. Co.</u>, 563 F.2d 677 (5th Cir. 1977). Marsaw's claims arise from Trailblazer's decisions to pay or deny reimbursements. Thus, Trailblazer was acting within the scope of official duties and is entitled to the same official immunity as officers or employees of the United States performing discretionary duties. <u>Id.</u> This is not a case like <u>Rochester Methodist Hospital v. Travelers Insurance Co.</u>, 728 F.2d 1006 (8th Cir. 1984), where the intermediary acted beyond the scope of its authority; in <u>Rochester</u>, it was alleged and proved that the intermediary committed a tort of fraud by misrepresenting that the medicare provider's dormitory costs in connection with a nursing education program were not reimbursable.

In light of the above, Marsaw has shown no error with regard to the dismissal of his supplemental state law claims.

**AFFIRMED.**