Reversed and Remanded and Majority and Dissenting Opinions filed July
26, 2005















Reversed and Remanded and Majority and Dissenting
Opinions filed July 26, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01442-CV

____________

 

AFUAH
BOATENG, JOHNELL SANDERS FERNANDEZ, 

SHARON LONG GAY, JOEL S.
HOCHMAN, ROSALIND HULL, 

GLORIA ANN TUCKER, and MISSY L. WALKER, Appellants

 

V.

 

TRAILBLAZER
HEALTH ENTERPRISES, L.L.C. and 

UNITED STATES OF AMERICA, Appellees

___________________________________________________________

 

On Appeal from the 280th District Court

Harris County,
Texas

Trial Court Cause No. 03-49088

___________________________________________________________

 

D I S S E N T I N G   O P I N I O N

The majority reverses the
judgment of the court below on the theory that the court did not give Areasonable
notice@ to
appellants of its intention to dismiss the cause of action for want of subject
matter jurisdiction at a preliminary hearing. 
Because I believe the trial court (1) lacked subject matter
jurisdiction, (2) had the authority to sua sponte raise and decide the issue of
its subject matter jurisdiction, and (3) afforded Areasonable
notice@ to the
parties that its subject matter jurisdiction was at the heart of the issue to
be decided at the preliminary hearing, I respectfully dissent.








Appellants obtained a default
judgment on a writ of garnishment against TrailBlazer Health Enterprises, LLC.
TrailBlazer is a wholly‑owned subsidiary of Blue Cross Blue Shield
created solely for the purpose of processing Medicare claims on behalf of the
federal government.  Because any recovery
would come from the federal treasury, the United States is the real party in
interest when a suit is brought against a Medicare carrier.  Anderson v. Occidental Life Ins. Co. of
Cal., 727 F.2d 855, 856 (9th Cir. 1984); 
see also Dugan v. Rank, 372 U.S.609, 620 (1963) (holding a suit
is considered to be against the sovereign if the judgment sought would expend
itself on the public treasury or domain); Matranga v. Travelers Ins. Co.,
563 F.2d 677 (5th Cir. 1977) (per curiam).

Sovereign immunity, however, is a
jurisdictional bar to suits brought against the United States.  Federal Deposit Ins. Corp. v. Meyer,
510 U.S. 471, 475 (1994); United States v. Mitchell, 463 U.S. 206, 212
(1983).[1]  The doctrine protects the United States
from being sued unless Congress has expressly waived the government=s
immunity.  Kaffenberger v. United States,
314 F.3d 944, 950 (8th Cir. 2003). Therefore, any waiver of the federal
government=s sovereign immunity cannot be
implied, but must be unequivocally expressed in statutory text.  Lane v. Pena, 518 U.S. 187, 192
(1996).  Such is the case even if the United States
is not named as a party in the original action. 
Bank One, Tex., N.A. v. Taylor, 970 F.2d 16,
33 (5th Cir. 1992).  Accordingly, federal
sovereign immunity is not waived simply by an appearance in a forum because
officers of the United States
possess no power through their actions to waive immunity of the United States
or to confer jurisdiction on a court in the absence of some express provision
of Congress.  Department of Army v.
Federal Labor Relations Auth., 56 F.3d 273, 275 (D.C. Cir. 1995).  Even when Congress has expressly waived
sovereign immunity, such waiver must be strictly construed, in terms of its
scope, in favor of the sovereign.  Lane,
518 U.S.
at 192.








Appellants contend, however, that
the trial court violated fundamental principles of procedural due process and
Texas Rule of Civil Procedure 245 when it rendered a final judgment at what was
supposed to be a preliminary evidentiary hearing.  Rule 245 provides that a court may schedule a
trial in contested cases with reasonable notice of not less than forty-five days
unless the parties agree.  Tex. R. Civ. P. 245.  Thus, appellants claim the trial court erred
when it entered a final judgment of dismissal with prejudice for want of
jurisdiction without providing reasonable notice that the case would be tried Aon the
merits.@[2]

The record reflects the order of
dismissal was entered after a preliminary hearing regarding the propriety of
appellees= bill of review.[3]  The purpose of the hearing was to determine
whether the United States could show Asufficient
cause@ that it had
(1) a meritorious defense to the cause of action alleged to support the
judgment, (2) which it was prevented from making by the fraud, accident or
wrongful act of the opposite party, (3) unmixed with any fault or negligence of
its own.  Baker v. Goldsmith, 582
S.W.2d 404, 406B07 (Tex. 1979).  The Ameritorious
defense@ at issue
was whether sovereign immunity denied the trial court of any subject matter
jurisdiction.  Thus, subject matter
jurisdiction was at the heart of the issue to be decided at the hearing.

While the trial court could have
been clearer in announcing its intentions, the court stated it was considering
whether its original order was Aabsolutely
void,@ i.e.,
rendered without the benefit of subject matter jurisdiction.  It should have come as no surprise to
appellants that if the trial court discovered it lacked subject matter
jurisdiction, the only order it could then issue would be to dismiss the
case.  See Duncan
v. Texas
Dept. of Pub. Safety, 6 S.W.3d 756, 758 (Tex. App.CTyler
1999, no pet.).








Undoubtedly, a fundamental
requirement of due process is an opportunity to be heard upon such notice and
proceedings as are adequate to safeguard the right for which the constitutional
protection is invoked.  Anderson
Nat=l Bank v. Luckett, 321 U.S. 233, 246
(1944).  But this does not mean that
every order entered without notice and a preliminary adversary hearing offends
due process.  Link v. Wabash R.R. Co.,
370 U.S.
626, 632 (1962).  While a party is
entitled to notice and an opportunity to respond when a court contemplates
dismissing a claim on the merits, it is not so when the dismissal is for lack
of subject matter jurisdiction.  Scholastic
Entm=t, Inc. v. Fox Entm=t Group,
Inc., 336 F.3d 982, 985 (9th Cir. 2003).

Once a trial court learns that it
lacks jurisdiction, it becomes the duty of the court to dismiss the cause, and
when a suit is barred by sovereign immunity the cause should ordinarily be
dismissed with prejudice.  See Martin
v. Texas Bd. of Criminal Justice, 60
S.W.3d 226, 231 (Tex.
App.CCorpus
Christi 2001, no pet.) (holding when a lawsuit is barred by sovereign immunity,
dismissal with prejudice is proper); City of Cleburne v. Trussell, 10
S.W.3d 407, 409 (Tex. App.CWaco
2000, no pet.) (same); City of Houston v. Rushing, 7 S.W.3d 909, 914
(Tex. App.CHouston [1st Dist.] 1999, pet.
denied) (same); University of Tex. Med. Branch at Galveston v. Hohman, 6
S.W.3d 767, 771 (Tex. App.CHouston
[1st Dist.] 1999, pet. dism=d w.o.j.)
(same); Lamar Univ. v. Doe, 971 S.W.2d 191, 196 (Tex. App.CBeaumont
1998, no pet.) (same); Liberty
Mut. Ins. Co. v. Sharp, 874 S.W.2d 736, 739 (Tex. App.CAustin
1994, writ denied) (same).[4]








The United
 States is not subject to Texas statutes, executive orders, or
judicial decisions.  Absent a
Congressional waiver of sovereign immunity, Texas courts do not have even potential
jurisdiction.  Here, the appellants have
not cited, and we have not found, any waiver of sovereign immunity by Congress
that would authorize a Texas
court to garnish Medicare funds.  When,
as here, a Texas
court has no potential jurisdiction over a defendant, the defendant may
collaterally attack the court=s
judgment with extrinsic evidence.  Ponsart
v. Citicorp Vendor Fin., Inc., 89 S.W.3d 285, 290 (Tex. App.CTexarkana
2002, no pet.) (citing Dispensa v. Univ. State Bank, 987 S.W.2d 923, 930
(Tex. App.CHouston [14th Dist.] 1999, no
pet.)); 5 Roy W. McDonald & Elaine
A. Carlson, Texas Civil Practice ' 29:27
(2004).[5]  Likewise, when, as here, there has been no
waiver of sovereign immunity, the trial court lacks subject matter
jurisdiction, and dismissal with prejudice is proper.  Sepulveda v. County
of El Paso, No. 08-03-00514-CV,
2005 WL 850416, at *2 (Tex. App.CEl Paso Apr. 12,
2005, no pet. h.).

Perceiving no error in the trial
court=s
dismissal, I respectfully dissent.

 

/s/        J. Harvey Hudson

Justice

 

Judgment rendered and Majority and Dissenting Opinions filed July 26,
2005.

Panel consists of Justices Anderson, Hudson, and Frost. (Frost, J.,
majority).

 

 











[1]  The doctrine
of sovereign immunity has been extended to garnishment proceedings brought
against the United States
where there has been no consent to be sued. 
Federal Hous. Admin. v. Burr, 309 U.S.
242, 244 (1940); Buchanan v. Alexander, 45 U.S. (4 How.) 20, 20B21 (1846); see also Veterans Admin. v. Kee, 706
S.W.2d 101 (Tex.
1986) (AAs a general rule, government entities are immune from
garnishment.@).  Sovereign
immunity from garnishment proceedings also applies to federal funds disbursed
by non‑governmental entities to the extent that those funds have not been
spent for their federally authorized purpose. 
Palmiter v. Action, Inc., 733 F.2d 1244, 1247B48 (7th Cir. 1984).





[2]  A dismissal
with prejudice functions as a final disposition on the merits.  Mossler v. Shields, 818 S.W.2d 752,
754 (Tex.
1991).  





[3]  A bill of
review is an equitable, independent action to set aside a judgment that is not
void on the face of the record, but is no longer appealable or subject to
challenge by a motion for new trial.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex.
2003), cert. denied, 541 U.S.
1030 (2004); Wembly Inv. Co. v. Herrera, 11 S.W.3d 924, 926B27 (Tex.
1999).





[4]  Some
exceptions exist, however.  For example,
in Mullins v. Estelle High Sec. Unit , a prison inmate sued the
Institutional Division of the Texas Department of Criminal Justice for injuries
allegedly sustained when prison officials denied him needed medical
supplies.  111 S.W.3d 268, 270 (Tex. App.CTexarkana 2003, no pet.).  While the court found the suit did not fall
within the parameters of the Texas Tort Claims Act and, thus, was barred by
sovereign immunity, it was reluctant to hold that the inmate had Ano other possible cause of action against [TDCJ]
arising out of the same facts.@  Id. at 274.  Accordingly, the court held the trial court
erred in dismissing the suit with prejudice.

Likewise, in Li v. University of Tex.
Health Sci. Ctr., 984 S.W.2d 647 (Tex. App.CHouston
[14th Dist.] 1998, pet. denied), the plaintiff=s breach
of contract suit was barred by sovereign immunity, and the trial court
dismissed with prejudice.  However, the
legislature subsequently granted the plaintiff express permission to sue the
state on her breach of contract claim by a resolution that passed both
legislative bodies and was signed by the governor.  Id.
at 653.  Thus, this court modified the
trial court=s judgment by deleting from it the words Awith prejudice@ and
substituting therefor the words Awithout
prejudice.@  Id. at 654.

Thus, if there is no possibility that any Texas court will acquire jurisdiction or that appellants
will ever prevail in a Texas
court, the proper remedy is to dismiss with prejudice.  See Dahl ex rel. Dahl v. State, 92
S.W.3d 856, 862 (Tex.
App.CHouston [14th Dist.] 2002, no pet.).





[5]  For example, Apublic policy concerns allow inquiry into the larger
record when the judgment is entered against a foreign defendant,@ and, therefore, the court is not bound by the
recitations in the judgment in a collateral attack, but may consider the entire
record to determine the existence of jurisdiction.  Pellow v. Cade, 990 S.W.2d 307, 312
(Tex. App.CTexarkana 1999, no pet.) (citing Hicks v. Sias,
102 S.W.2d 460, 464 (Tex. Civ. App.CBeaumont
1937, writ ref=d)).  Also, a
Texas court that is asked to enforce the judgment of a court of another state
may collaterally inquire into matters concerning the jurisdiction of the other
state=s court when the party attacking the judgment did not
appear in the prior proceeding.  Kellogg
v. Kellogg, 559 S.W.2d 126, 128 (Tex. Civ. App.CTexarkana 1977, no writ); Layton v. Layton, 538
S.W.2d 642, 647 (Tex. Civ. App.CSan Antonio 1976, writ ref=d n.r.e.).