# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10807

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2016

Lyle W. Cayce
Clerk

DR. DRALVES GENE EDWARDS,

      Plaintiff - Appellant

v.

SYLVIA MATHEWS BURWELL, Secretary of the United States Department of Health and Human Service; HER UNKNOWN FEDERAL CENTRAL AND REGIONAL OFFICER AGENTS FOR THE TITLE XVIII MEDICARE PROGRAM,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-3124

Before HIGGINBOTHAM, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Dralves Edwards appeals from the district court's dismissal of his complaint alleging improper review of Medicare claims. The complaint was dismissed for lack of subject matter jurisdiction and for failure to state a claim. For the following reasons, we AFFIRM.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10807

## FACTS AND PROCEDURAL HISTORY

Dralves Edwards is a physician who provided care to Medicare beneficiaries in Texas. Edwards was subject to a Medicare review process from 1997 to 2001, during which time most or all of his Medicare claims were initially denied. Edwards appealed the denials and most of them were successfully overturned. However, Edwards asserts that the review process forced him to have to close his practice in 2001.

On August 30, 2014, Edwards filed an action against the, Sylvia Burwell, Secretary of Health and Human Services ("HHS Secretary" or "HHS"), and Unknown Agents alleging the improper review of Medicare claims from 1997 to 2001 and seeking compensatory damages, a declaratory judgment, a restraining order and attorney's fees. Edwards claimed that his Medicare claims were initially denied on the basis of racial profiling. The district court dismissed Edwards' complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim. See Fed. R. Civ. P. 12(b)(1), (6). Subsequently, Edwards filed this appeal.

## DISCUSSION

This court reviews de novo the district court's grant of a motion for dismissal under both Rules 12(b)(1) and 12(b)(6), applying the same standard used by the district court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.* To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

No. 15-10807

Edwards asserts that the district court erred in granting the motion to dismiss because the defendants were not entitled to sovereign immunity, that he properly alleged a constitutional claim under *Bivens*,[1] and that he properly alleged a claim upon which declaratory relief can be predicated.

Burwell asserts that Edwards' claims are barred by 42 U.S.C. § 405(h), that he failed to establish jurisdiction under 42 U.S.C. § 405(g), that his *Bivens* action is barred by sovereign immunity and Texas' two-year statute of limitations, that he is not entitled to declaratory relief, that he failed to satisfy jurisdictional prerequisites, and that he failed to state a claim upon which relief could be granted.

Under 42 U.S.C. § 405(g), an individual may seek judicial review of a final decision of the Commissioner of Social Security by filing a civil action within 60 days of such decision. *See* 42 U.S.C. § 405(g). Further, section 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h); 42 U.S.C. § 1395ii (making § 405(h) applicable to Medicare).

The district court examined applicable case law to determine whether Edwards' claim "arises under" the Medicare Act and found that it did. *See Heckler v. Ringer*, 466 U.S. 602, 615 (1984); *Weinberger v. Salfi*, 422 U.S. 749, 760-61 (1975); and *Marsaw v. Thompson*, 133 F. App'x 946, 948 (5th Cir. 2005)

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

3

No. 15-10807

(*Marsaw II*).  The district court said that, otherwise, exercising jurisdiction would require it to revisit the Medicare claims and make determinations regarding the appropriateness of the original denial of such claims.  Thus, the district court concluded that it lacked subject matter jurisdiction.  The district court further concluded that the HHS Secretary and employees were acting within the scope of their official duties in administering the Medicare Act and were entitled to sovereign immunity.  The district court held that Edwards had failed to state a *Bivens* claim because Congress has created a comprehensive statutory administrative review mechanism to address any problem with Medicare reimbursements.  *See Marsaw II*, 133 F. App'x at 948.  As for the declaratory judgment, the district court concluded that, because it dismissed all of the underlying claims, the request for relief could not stand alone or provide an independent basis for subject matter jurisdiction.

The district court relied on this court's decision in *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282 (5th Cir. 1999), where the plaintiff health care agency alleged that the HHS Secretary violated its constitutional rights by improperly and arbitrarily enforcing various Medicare rules based solely on the fact that it was African-American owned.  *Id.* at 284.  This court said that the claim was not collateral to the claim for entitlement under the Medicare Act because resolving the issues would require the court to immerse itself in Medicare regulations and make factual determinations regarding the Medicare claims.  *Id.* at 285-86.  This court also concluded that the claims against the United States under the civil rights statutes were barred by sovereign immunity and, since the Secretary was not being sued in her individual capacity, neither *Bivens* nor the civil rights statutes provided jurisdiction.  *Id.* at 286.

This court decided another similar case in *Marsaw*.  Marsaw, an African-American owner of several Medicare providers, and his clinics brought suit

4

No. 15-10807

against HHS and the Medicare contractor, Trailblazer, alleging that Trailblazer engaged in racial discrimination when it placed the clinics in pre-payment review which ultimately forced Marsaw out of business. Marsaw sought an injunction to correct the administrative process and judicial review of the denied claims. He also asserted various constitutional claims and state law claims for tortious interference. The district court found that Marsaw's claims arose under the Medicare Act and that his failure to exhaust administrative remedies under section 405(g) precluded judicial review based on a lack of subject matter jurisdiction. *See Marsaw v. Trailblazer Health Enters., L.L.C.*, 192 F. Supp.2d 737 (S.D. Tex. 2002) (*Marsaw I*). There was no appeal.

However, after the administrative review process was complete and most of the claims previously denied had been paid, Marsaw then filed the second action seeking damages from HHS and Trailblazer for initially denying his Medicare claims and asserting the same factual allegations and legal claims as *Marsaw I*. The district court dismissed the second action for lack of subject matter jurisdiction, holding that his claims arose under the Medicare Act because they were inextricably intertwined with a substantive claim of administrative entitlement and the fact that he sought damages for constitutional violations did not undercut that conclusion. *See Marsaw II,* 133 F. App'x at 947. The district court further held that section 405(g) precluded jurisdiction because Marsaw was successful during the administrative review process. *Id.* With regard to the *Bivens* claim against the HHS Secretary in her official capacity, the district court held that it was barred by sovereign immunity. *Id.*

On appeal, Marsaw asserted federal jurisdiction over an implied right of action based on *Bivens*. However, Marsaw waived any challenge to the determination that the Secretary was entitled to sovereign immunity. This

court concluded that "Marsaw's constitutional claims arise under the Medicare Act (and are not collateral to it) because they are inextricably intertwined with plaintiffs' substantive claims for entitlement under Medicare." *Id.* at 948. This court further concluded that, because section 405(g) requires a determination adverse to the claimant and Marsaw had later received the payments he claimed were wrongfully denied, his case was moot and the constitutional nature of Marsaw's claim did not alter that conclusion. *Id.* Finally, this court determined that Trailblazer was entitled "to sovereign immunity because it was acting under the direction of the federal government in performing duties delegated by HHS." *Id.* at 949.

Here, as the district court found, sections 405(g) and 405(h) require that Edwards first exhaust Medicare's administrative appeals process and receive a final decision before seeking judicial review. Edwards successfully appealed most, if not all, of his claims and got reversals of more than 90 percent. Thus, Edwards fails to meet the requirements under section 405(g) necessary to seek judicial review. *See Marsaw II*, 133 F. App'x at 948. Edwards also fails to specifically address any claims that were not reversed. Not to mention that 405(g) provides for judicial review "by a civil action commenced within *sixty days*." 42 U.S.C. § 405(g) (emphasis added). Thus, the district court properly dismissed for lack of subject matter jurisdiction.

With regard to the *Bivens* claim, Edwards alleges that the HHS Secretary and employees were acting within the scope of their official duties in administering the Medicare Act. Based on the applicable authority set out above, they are entitled to sovereign immunity.[2] *See also Peterson v. Weinberger*, 508 F.2d 45, 50 (5th Cir. 1975). Further, as the district court

---

[2] Edwards fails to support his claim of an *ultra vires* exception. *Danos v. Jones*, 652 F.3d 577, 583 (5th Cir. 2011) (A plaintiff must do more than merely allege the actions are illegal or unauthorized).

found, there is a comprehensive statutory review mechanism available.  Also, Edwards' action is several years beyond the forum state's limitations period of two years.  *See Bivens*, 403 U.S. 388; *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993); and Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).  This court has also previously said that the constitutional nature of a claim has no effect in such a case.  *See Marsaw II*, 133 F. App'x at 948.  Accordingly, the district court properly dismissed for failure to state a claim.  Because the district court properly dismissed the underlying claims, there is no basis for declaratory relief.

**AFFIRMED**.