# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40371

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2019

Lyle W. Cayce
Clerk

KAREN SANDERS,

      Plaintiff-Appellant,

v.

UNIVERSITY OF TEXAS PAN AMERICAN; UNIVERSITY OF TEXAS RIO GRANDE VALLEY,

      Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CV-446

Before JONES, HO, and OLDHAM, Circuit Judges.

PER CURIAM:*

Karen Sanders claims her former employer and hoped-for employer violated federal law by refusing to hire her. The district court dismissed Sanders' claims as barred by the statute of limitations and state sovereign immunity. We affirm.

I.

Karen Sanders worked as an art professor at the University of Texas Pan American ("UTPA"). When she learned her institution was going to be

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40371

abolished and consolidated with another one to form the University of Texas—Rio Grande Valley ("UTRGV"), she applied for a job at the new institution.

UTRGV solicited applications in two phases. Phase I—open only to tenured faculty at UTPA—ran from August 11, 2014 to September 8, 2014. Phase II—open to the general public and faculty already denied during Phase I—ran from November 4, 2014. *See Edionwe v. Bailey*, 860 F.3d 287, 290 (5th Cir. 2017). Sanders applied during both phases. UTRGV denied her both times. Her employment terminated on August 31, 2015, when the UTPA shut its doors.

On October 6, 2016, Sanders filed her first suit against the universities in state court. She alleged they violated the Family Medical Leave Act ("FMLA"). In her original petition, she stated UTRGV denied her Phase I and Phase II applications on October 6, 2014, and May 18, 2015, respectively. *See* Original Petition ¶¶ 23, 27, *Sanders v. Rodriguez*, No. 7:16-cv-650 (S.D. Tex. Nov. 9, 2016), ECF No. 1-3 at 8. After the universities removed the action, Sanders filed an amended complaint containing only the first date. First Amended Complaint ¶ 27, *Sanders v. Rodriguez*, No. 7:16-cv-650 (S.D. Tex. Apr. 19, 2017), ECF No. 18 at 4. The district court dismissed the case on summary judgment. Final Judgment, *Sanders v. Rodriguez*, No. 7:16-cv-650 (S.D. Tex. Feb. 5, 2018), ECF No. 36. Sanders did not appeal.

Meanwhile, Sanders pressed her failure-to-hire claims with the Equal Employment Opportunity Commission ("EEOC"). On June 23, 2016, she submitted an intake questionnaire to the agency. And on July 22, 2016, she filed a formal charge of discrimination. After the EEOC provided a right-to-sue letter, Sanders filed this second action in state court on September 26, 2017. She asserted discrimination under Title VII and the Americans with Disabilities Act ("ADA").

No. 18-40371

The universities removed to federal court and moved to dismiss. The district court granted the motion. It concluded Sanders filed her claims more than 300 days after the alleged discriminatory action and sovereign immunity barred her ADA claims for damages. Sanders moved to amend the judgment. Attaching her EEOC intake questionnaire, she insisted the suit was timely if judged from the date her employment ended. The district court refused. Sanders appealed.

## II.

Sanders brings two challenges to the district court's dismissal order. First, she argues the district court erred by concluding her claims were time-barred. Second, she argues the court erred by concluding state sovereign immunity barred her ADA damages claims. We review both challenges *de novo. Edwards v. Burwell*, 657 F. App'x 242, 243 (5th Cir. 2016) (per curiam).

### A.

Under Title VII, a plaintiff normally has 180 days after an alleged violation to file a charge with the EEOC. That period is extended to 300 days if the plaintiff "has initially instituted proceedings with a State or local agency with authority to grant or seek relief." 42 U.S.C. § 2000e-5(e)(1); *see Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994). The same rules apply to ADA claims. *See* 42 U.S.C. § 12117(a) (incorporating § 2000e-5's requirements); *see Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (per curiam). We have no occasion to ask whether Sanders ever sought relief from "a State or local agency" in deciding which period applies. The parties agree the 300-day deadline applies in this case. They disagree only about when it started and when it stopped.

#### 1.

The first question is when the clock started running. Sanders insists the operative violation occurred on August 31, 2015, when UTPA closed and her

3

employment lapsed. That is wrong. The only discrimination Sanders alleged in her complaint was that the universities refused to hire her based on her sex, race, and disability. "[T]he filing limitations periods therefore commenced . . . at the time the [hiring] decision was made and communicated to" Sanders. *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980). It does not matter that "one of the effects of the denial of [hiring]—the eventual loss of a teaching position—did not occur until later." *Ibid.*

But the district court could not tell from Sanders's complaint when the hiring decisions were made. Although she included the date her employment lapsed, Sanders did not include the dates UTRGV denied her applications. Sanders *did* include those dates in her first suit, however. *See* Original Petition ¶¶ 23, 27, *Sanders v. Rodriguez*, 7:16-cv-650 (S.D. Tex. Nov. 9, 2016), ECF No. 1-3 at 8. So, the district court took judicial notice of the fact that the Phase I and Phase II hiring decisions were made on October 6, 2014 and May 18, 2015, respectively.

The district court did not err by taking such judicial notice. It is well settled that courts may take judicial notice of matters of public record, like the complaint in Sanders's first suit. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). It is true some courts have suggested a fact omitted from a superseding complaint is "*functus officio*"—and hence cannot be considered on a motion to dismiss the amended complaint. *See Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204–05 (7th Cir. 1998).[†] But we have never employed such an absolute rule. Admissions in superseded pleadings may "lose their binding force," but they nevertheless retain value "as evidentiary

---

[†] This rule appears to rest on misunderstood Latin. *Functus officio* refers to a completed exercise of *official* power, or the completed execution of an *official* duty. It makes no sense to say a prior fact or admission has "performed its office." *See Functus Officio*, BLACK'S LAW DICTIONARY (10th ed. 2014) (referring to "an officer of official body . . . without further authority or legal competence").

No. 18-40371

admissions." *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 n.5 (5th Cir. 1983); 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1476 (3d ed. 2018) (noting "allegations in a pleading that has been withdrawn may be allowed into evidence as an admission of the party").

The district court had every right to consider the dates Sanders provided in her original FMLA complaint. And Sanders had every right to "explain[] or controvert[]" those dates in response. *Borel v. U.S. Cas. Co.*, 233 F.2d 385, 388 (5th Cir. 1956). Sanders has never argued that these principles do not apply because this case was decided at the pleading stage rather than at trial. And she has never suggested the dates she supplied in her first complaint are inaccurate. Accordingly, Sanders needed to file any charge with the EEOC by March 14, 2016—within 300 days of May 18, 2015. *Accord Pearson v. Furnco Constr. Co.*, 563 F.2d 815, 818–19 (7th Cir. 1977) (citing FED. R. CIV. P. 6(a)(1)(C) and 42 U.S.C. § 2000e-5(f)(1)).

2.

The second question is when the clock stopped. Sanders filed her intake questionnaire with the EEOC on June 23, 2016, and her charge on July 22, 2016. She argues the intake questionnaire, rather than the charge, counts as a "charge" filed with the EEOC. We have suggested in an unpublished opinion the submission of an intake questionnaire is always sufficient to constitute a filing. *See Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 572 n.3 (5th Cir. 2013) (per curiam). Whether a particular questionnaire qualifies as a "charge," however, varies from case to case. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) (applying administrative deference doctrines to conclude ADEA plaintiff's intake questionnaire may be a charge if it contains "an allegation and the name of the charged party [and is] reasonably construed as a request for the agency to take remedial action to protect the employee's

5

rights"); *Chesnut v. Ethan Allen Retail, Inc.*, 971 F. Supp. 2d 1223, 1231–34 (N.D. Ga. 2013) (ADA plaintiff's intake questionnaire was not a "charge").

But we need not address that issue here. Even assuming the intake questionnaire here qualifies as a charge, Sanders filed it after March 14, 2016. The claims are time-barred.

## B.

Sanders also argues the district court erred by holding the universities were entitled to immunity from liability on the ADA claim.

A state waives its sovereign immunity from *suit* by removing a case to federal court. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002). But a state may nevertheless retain immunity from *liability* even after it has consented to suit. *See Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 253–55 (5th Cir. 2005). Several of our sister circuits agree. *See Stroud v. McIntosh*, 722 F.3d 1294, 1301 (11th Cir. 2013); *Lombardo v. Pa., Dep't of Public Welfare*, 540 F.3d 190, 198 (3d Cir. 2008).

The district court concluded the universities were immune from liability here even though they had removed this case to federal court. It pointed to the states' general immunity from damages liability under the ADA. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 & n.9 (2001). Sanders purports to appeal this holding, but her argument is inadequately briefed. We therefore deem it forfeited. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006); *Dardar v. Lafourche Realty Co.*, 985 F.2d 824, 831 (5th Cir. 1993).

\*     \*     \*

For the foregoing reasons, the district court's decision is AFFIRMED.