**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 14, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 06-60074
Summary Calendar

FRED LOVETT,

Plaintiff-Appellant,

versus

BARBOUR INTERNATIONAL INC,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:05-CV-497

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Fred Lovett ("Lovett") appeals the dismissal on summary judgment of his employment

discrimination claims against defendant Barbour International, Inc. ("Barbour"). We affirm.

## I.  FACTS AND PROCEEDINGS

Lovett worked for Barbour as a Vice President of Sales from June of 2000 until November

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

of 2004. On November 1, 2004, Anthony Busin ("Busin"), the CEO of Barbour, informed Lovett that he was being terminated. That day, Lovett signed a termination of employment agreement, returned company property to Busin, participated in an exit interview, and signed an exit interview form. November 1, 2004, was Lovett's last day of work at Barbour, though he was paid a salary through November 15, 2004, and received severance pay through May 15, 2005. The termination agreement Lovett signed, also signed by Busin, contained a provision calling for mutual release between Barbour and Lovett of all claims "arising out of or with respect to Lovett's employment with the Company."

On May 13, 2005, 193 days after Busin told him he was being terminated, Lovett filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting that he was discharged because of his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq*. In his charge, Lovett asserted that he was discharged on November 15, 2004. On July 7, 2005, Lovett filed a complaint in Mississippi state court, claiming damages for these same ADEA violations. Barbour removed to federal court and subsequently filed a motion for summary judgment. Barbour argued that Lovett failed to file his charge with the EEOC within the 180-day period required by 29 U.S.C. § 626(d)(1). Lovett asserted that because he remained on Barbour's payroll until November 15, this was the date on which the 180-day period began to run, meaning that his charge was timely. In the alternative, Lovett asserted that the 180-day period should be equitably tolled because, until he met with an attorney on March 31, 2005, he mistakenly believed that the mutual release provision in the termination agreement precluded him from suing Barbour. The district court held that Lovett's filing was untimely, refused

to equitably toll the filing period, and granted summary judgment to Barbour, dismissing Lovett's claims. Lovett appeals this decision.

## II. STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo. *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We apply the same standard as the district court and construe all facts and inferences in the light most favorable to the non-moving party. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005).

## III. DISCUSSION

**A.  180-day filing period**

A charge of discrimination shall be filed with the EEOC "within 180 days after the alleged unlawful practice occurred." 29 U.S.C. § 626(d)(1). "If an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed." *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 476–77 (5th Cir. 1991). Knowledge of facts sufficient to support an ADEA claim suffices to trigger the 180-day time limit. *Id*. at 477–78 (knowledge of disputed seniority system began 180-day period). Lovett admits that he knew he was being terminated by Barbour on November 1, 2004; it is immaterial that he remained on Barbour's payroll for an additional two weeks. Consequently, his EEOC charge was untimely when filed on May 13, 2005, 193 days later.

**B.  Equitable tolling**

Lovett asserts that the 180-day period should be equitably tolled because he was misled by the language in his mutual release into thinking he could not bring a discrimination claim. The 180-day period is subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The claimant bears the burden of justifying equitable tolling. *See Hood v. Sears Roebuck and Co.*, 168 F.3d 231, 232 (5th Cir. 1999). We review a district court's decision to refuse to equitably toll for abuse of discretion. *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002). Equitable tolling may be appropriate in rare and exceptional circumstances when a plaintiff "is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* at 457 (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)). Here, Lovett claims that he was unaware that he could bring a claim despite the language in the agreement until he consulted with an attorney on March 31, 2005. The district court found that even if this were true, he still had a full month from that date to file his EEOC charge and it declined to equitably toll the filing period. The generic release language in the termination agreement does not indicate that Barbour *actively misled* Lovett about his claims,[1] and consequently we find that the district court did not abuse its discretion by refusing to toll the filing period.

## IV. CONCLUSION

Finding no error or abuse of discretion by the district court, we AFFIRM.

---

[1] "[E]mployees' ignorance of the law, even when stemming from illiteracy, cannot justify tolling." *Id.*