# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

August 7, 2007

Charles R. Fulbruge III
Clerk

No. 06-31074
Summary Calendar

KATHERINE CONNER

Plaintiff-Appellant

v.

LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:02-CV-284

Before REAVLEY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

This case involves allegations of employment discrimination and retaliation. The district court dismissed the complaint on the ground that the charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") was untimely. We reverse and remand.

On May 2, 1977, Katherine Conner began her employment with the Louisiana Department of Health and Hospitals ("LDHH"). On March 27, 2000,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

she incurred an injury while walking into work. Between the period of March 27, 2000 and October 17, 2000, she took three medical leaves due to her injury. On October 17, 2000, her employment with LDHH was terminated due to excessive absenteeism. On July 23, 2001, Conner filed an intake questionnaire with the EEOC, which prompted the EEOC to issue an official notice of charge to LDHH on July 24, 2001. On August 24, 2001, she filed a verified charge of discrimination. On December 19, 2001, the EEOC issued a right-to-sue letter.

On March 19, 2002, Conner filed suit raising allegations of race and disability discrimination and retaliation. On September 18, 2003, the district court dismissed her complaint on the ground that the EEOC charge was not filed within the 180-day period set forth in 42 U.S.C. § 2000e-5(e). On September 23, 2003, Conner filed a motion for reconsideration arguing that because Louisiana is a deferral state, she had 300 days to file her EEOC charge. On September 28, 2006, the district court denied the motion for reconsideration. Although the district court agreed that the 300-day period applied, it concluded that the verified EEOC charge was still untimely. Conner filed this appeal.

Pursuant to 42 U.S.C. § 2000e-5(e), an EEOC charge must be filed within 180 days after the alleged unlawful employment practice. That time period is extended to 300 days if "the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e). The Louisiana Commission on Human Rights has authority to remedy employment discrimination, rendering Louisiana a "deferral state." See La. Rev. Stat. Ann. § 51:2231, et seq. This court has held that when a claimant submits an EEOC charge and, pursuant to a work-sharing agreement, the EEOC accepts it on behalf of a deferral state, the claimant is deemed to have initially instituted proceedings with the state agency and the 300-day period is triggered. Vielma v. Eureka Co., 218 F.3d 458, 462 (5th Cir. 2000); Griffin v. City of Dallas, 26 F.3d 610, 612-13 (5th Cir. 1994). Thus, the

district court, upon evaluating the motion for reconsideration, was correct in holding that the 300-day period applies in this case.

The district court concluded, however, that the EEOC charge was still untimely because it was filed on August 24, 2001, outside the 300-day period. In doing so, the district court rejected Conner's argument that her verified EEOC charge relates back to July 23, 2001, the date her intake questionnaire was filed. This court has recognized that an intake questionnaire that informs the EEOC of the identity of the parties and describes the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge to the respondent is sufficient to "set[] the administrative machinery in motion." Price v. Southwestern Bell Tel. Co., 687 F.2d 74, 78 (5th Cir. 1982); see also Edelman v. Lynchburg College, 535 U.S. 106, 118-19 (2002) (upholding EEOC regulation 29 C.F.R. § 1601.12(b), which permits untimely verified EEOC charge to relate back to filing date of timely unverified EEOC charge).

In evaluating Conner's intake questionnaire, we conclude that it informed the EEOC of the identity of the parties and described the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge to LDHH. Indeed, the EEOC did so on July 24, 2001, well within the 300-day period. Because the intake questionnaire was sufficient to constitute an EEOC charge and filed within the 300-day period, the district court erred in concluding that it was untimely and in dismissing Conner's complaint on that basis.[1]

REVERSED and REMANDED.

---

[1] Even if the intake questionnaire was insufficient to constitute an EEOC charge, Conner's reliance on the EEOC that is was sufficient would entitle her to equitable tolling. See Galvan v. Bexar County, 785 F.2d 1298, 1307 (5th Cir. 1986) ("As this court has often found that procedural errors or inartful charges by the complaining party should not bar Title VII or ADEA actions, we can certainly find no basis for allowing an error by a third party, the EEOC, to have this effect.").