# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30261
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2013

Lyle W. Cayce
Clerk

AMY KIRKLAND,

Plaintiff-Appellant,

v.

BIG LOTS STORE, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
U.S.D.C. No. 3:12-CV-7

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Amy Kirkland ("Kirkland") appeals the district court's dismissal of her employment discrimination law suit against Defendant-Appellee Big Lots Store, Inc. ("Big Lots"). We AFFIRM.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Kirkland worked as a cashier/stocker for Big Lots in West Monroe, Louisiana from September 2008 until June 2009. Kirkland alleges that during

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30261

the latter stages of her employment, she experienced constant harassment by fellow employees and, despite her complaints, Big Lots management never made efforts to remedy the situation. Kirkland claims that the work environment was unbearable because a fellow employee spread rumors that Kirkland engaged in an extra-marital sexual relationship with one of Big Lots' managers. Kirkland also claims that this employee told other employees that Kirkland and her husband were "swingers" and that Kirkland's husband had "diseases." Kirkland alleges that the stress and anxiety she experienced as a result of these purportedly false allegations culminated in her resignation from Big Lots on June 11, 2009.

In an effort to seek relief for what she considers a constructive discharge, Kirkland initiated contact with the Louisiana Commission on Human Rights ("LCHR")[1] by submitting an intake questionnaire detailing allegations of sex discrimination on the part of Big Lots. Kirkland claims that she mailed the intake questionnaire on March 2, 2010, but the LCHR's records indicate that it received the intake questionnaire on May 6, 2010. On June 2, 2010, the LCHR sent a letter to Kirkland acknowledging receipt of the intake questionnaire. On September 15, 2011, the LCHR sent Kirkland a "Dismissal and Notice of Rights" stating that "[b]ased upon its investigation, the LCHR [was] unable to conclude that the information obtained establishe[d] violations of the statutes." The EEOC also reviewed Kirkland's claims of discrimination and issued its own "Dismissal and Notice of Rights" on October 4, 2011, making the same findings as the LCHR.

---

[1] The LCHR is a state agency that has authority to remedy employment discrimination pursuant to a work sharing agreement with the Equal Employment Opportunity Commission ("EEOC"). *Conner v. La. Dep't. of Health & Hosp.*, 247 F. App'x 480, 481 (5th Cir. 2007) (per curiam) (unpublished); La. Rev. Stat. Ann. §§ 51:2231—51:2265. Because the LCHR exists, Louisiana is considered a "deferral state." *Conner*, 247 F. App'x at 481.

No. 13-30261

On January 4, 2012, Kirkland filed suit in the district court alleging federal and state claims of employment discrimination on the basis of sex pursuant to 42 U.S.C. §§ 2000e–2000e1 ("Title VII") and La. Rev. Stat. Ann § 23:301. Big Lots moved to dismiss Kirkland's suit arguing that it was time barred and failed to state a claim upon which relief could be granted. The district court granted Big Lots' motion to dismiss on the grounds that Kirkland's claims to the LCHR were not timely filed.[2] Kirkland appeals the dismissal herein.

## II.    DISCUSSION

### A.  Standard of Review

We review the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 371 (5th Cir. 2008). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

### B.  Timeliness of Kirkland's Filing with the LCHR

Kirkland argues that the district court erred in finding that her complaint to the LCHR was untimely. Kirkland acknowledges that the deadline for a timely filing in her case was April 7, 2010, 300 days from the day she resigned from Big Lots. She claims that she mailed an intake

---

[2] Kirkland's arguments on appeal focus on her Title VII claim and do not allege error in the district court's dismissal of the state law claim. For that reason, we consider any argument with respect to the state law claim waived. *See Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 114 (5th Cir. 2005).

No. 13-30261

questionnaire[3] to the LCHR on March 2, 2010 and offers her attorney's "log"[4] as proof of this fact. Big Lots, conversely argues that Kirkland's complaint was not filed until May 6, 2010. As evidence, the LCHR offers the cover letter that accompanied Kirkland's intake questionnaire which is stamped as received by the LCHR on May 6, 2010.

When an employment discrimination claim is brought in a deferral state, an aggrieved employee must file a claim with the designated state agency or the EEOC within 300 days of the alleged unlawful employment action. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). "A claim is time barred if it is not filed within these limits." *Id.* Mailing is not filing for the purposes of Title VII. *See Taylor v. Gen. Tel. Co. of Sw.* 759 F.2d 437, 440 (5th Cir. 1985). A claim is considered filed when it is *received* by the EEOC or the state agency responsible for the administration of complaints of employment discrimination. *Id.;* 29 C.F.R. § 1601.13(a)(4)(2)(a)(A) (2010). Accordingly, Kirkland's claim was not filed until it was received by the LCHR on May 6, 2010. Again, the deadline for a timely filing in Kirkland's case was April 7, 2010. Because Kirkland's intake questionnaire was not filed within the 300-day period required by Title VII, her claims are time barred. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (holding that in this context, the filing deadline is tantamount to a statute of limitations).

---

[3]The submission of an intake questionnaire is "sufficient to set[] the administrative machinery in motion" and may constitute a filing for the purposes of Title VII. *See Conner*, 247 F.App'x at 481 (citation and internal quotation marks omitted); *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 404 (2008).

[4]In opposition to Big Lots' motion to dismiss, Kirkland offered her attorney's log of activities related to this matter as evidence that the intake questionnaire was mailed to the LCHR on March 2, 2010.

4

No. 13-30261

Generally, when an employment discrimination charge is untimely filed with the EEOC or designated state agency, a suit based upon the untimely charge should be dismissed. *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 476─77 (5th Cir. 1991). In limited circumstances, the filing deadline is subject to equitable doctrines such as tolling or estoppel. *Zipes*, 455 U.S. at 393. The plaintiff has the burden of providing a sufficient factual basis for tolling the filing deadline. *Conway v. Control Data* Corp., 955 F.2d 358, 362 (5th Cir. 1992). We have recognized at least three circumstances where failure to timely file may be excused under the equitable tolling doctrine: (1) a suit is pending between the parties in the incorrect forum; (2) the claimant is unaware of facts supporting her claim because the defendant intentionally concealed them; and (3) the claimant is misled by the EEOC or designated state agency about her rights. *See Manning v. Chevron Chemical Co.* 332 F.3d 874, 880 (5th Cir. 2003).[5]

Kirkland argues that the equitable tolling doctrine should apply in this case for reasons we find unavailing. Kirkland does not provide arguments under the *Manning* factors or cite any case law that would otherwise support equitable tolling in this case. Instead, she relies on the fact that despite her untimely filing, the EEOC "nevertheless investigated [her] claim as if it had been filed in a timely manner." With respect to the EEOC's investigation, the record does not indicate that the EEOC made a finding as to the timeliness of

---

[5]This is not to say that the factors listed in *Manning* constitute an exhaustive list of circumstances that justify equitable tolling. Situations other than those listed in *Manning* could justify tolling. For example, we have stated that equitable tolling may be appropriate "in rare and exceptional circumstances when a plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Lovett v. Barbour Intern., Inc.*, 211 F. App'x 281, 284 (5th Cir. 2006) (per curiam) (unpublished) (citation and internal quotation marks omitted).

Kirkland's claim. It simply provided a "Dismissal and Notice of Rights" indicating that based on its review, Kirkland's claims lacked merit. Morever, the EEOC's investigation of an untimely filed claim does not safeguard that claim from dismissal pursuant to 12(b)(6). The EEOC's decision to investigate an untimely filed claim is its own prerogative, and, contrary to Kirkland's assertion, federal courts are expected to make "an independent determination" as to a claimant's "compliance with Title VII's filing requirements." *Burrell v. Brown*, 228 F.3d 410, *4 (5th Cir. 2000) (per curiam) (unpublished) (citing *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1304 (5th Cir. 1979)). Accordingly, we hold that equitable tolling of the 300-day filing deadline is not appropriate in this case.

Because Kirkland's charges of discrimination were not timely filed, we do not reach the merits of those charges to determine whether they state a claim upon which relief can be granted.

## III.    CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Kirkland's claims.