# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60166
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2015

Lyle W. Cayce
Clerk

ROBERT R. MCCOLLUM,

      Plaintiff - Appellant

v.

PUCKETT MACHINERY COMPANY,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CV-439

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

In this employment discrimination case, Plaintiff-Appellant Robert McCollum ("McCollum") appeals (1) the district court's denial of his motion to compel discovery responses and (2) the district court's grant of the motion for summary judgment filed by Defendant-Appellee Puckett Machinery Company ("Puckett"). We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60166

## I. Facts & Proceedings

McCollum worked for Puckett as a corporate sales manager. In December 2011, McCollum was diagnosed with prostate cancer and informed Puckett that he would need to miss work for two separate medical procedures: One scheduled for February 2012 and the other scheduled for early March 2012. Puckett approved McCollum's request for time off. After undergoing the first procedure, McCollum returned to work without incident. McCollum was scheduled to give a presentation at Puckett's annual sales kickoff meeting a month or so later, on February 28, 2012, which was a week before his scheduled second procedure. The night before the presentation, McCollum took an Ambien and consumed several glasses of wine. The next morning, McCollum arrived late to the sales meeting and, because he appeared intoxicated, Hastings Puckett ("Hastings"), the president of Puckett, pulled him out of the meeting and transported him to a medical clinic for alcohol testing. McCollum took two tests over an hour and his blood alcohol level tested at .184 and .169. Hastings escorted McCollum home and told him to rest until his procedure, which was scheduled for the following Monday.

The day after his procedure, March 6, 2012, McCollum called Hastings to discuss the incident. Hastings informed him that "there would be no moving forward" with Puckett and later emailed him a severance package offer, which McCollum did not accept. Approximately one month later, on April 3, 2012, Puckett withdrew the proposed severance package and sent McCollum his final paychecks. At some unspecified date after his termination, another Puckett employee suggested to McCollum that he had been terminated because his medical care would increase the cost of Puckett's self-insured employee healthcare plan. On September 17, 2012, McCollum filed a charge of employment discrimination with the EEOC. His charge was accepted on September 24, 2012 and he received his right-to-sue letter on August 20, 2013.

No. 15-60166

After receiving his right-to-sue letter, McCollum filed a lawsuit in district court claiming that Puckett's termination of his employment violated the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA"). Puckett filed a motion for summary judgment, which the district court granted. The district court (1) dismissed his ADA claim as untimely because McCollum filed his charge with the EEOC more than 180 days after his termination and (2) dismissed his FMLA interference and retaliation claims because McCollum failed to present evidence that would demonstrate that Puckett's stated reason for terminating him – attending the sales meeting while intoxicated – was pretextual and that the true reason was discriminatory. McCollum filed a timely notice of appeal, contending that the district court erred in (1) denying his motion to compel discovery responses and (2) granting Puckett's motion for summary judgment.

## II.  Discussion

### A.    Motion to compel

McCollum claims that the district court abused its discretion in denying his motion to compel discovery responses. We review the denial of a motion to compel discovery for abuse of discretion,[1] mindful that a district court is afforded "broad discretion when deciding discovery matters."[2]

The facts are as follows. The parties, in contravention of the court's discovery deadline of October 19, 2014, and Southern District of Mississippi Local Rule 7(b)(2)(B), mutually agreed to take depositions on November 19 and 20, 2014 – almost a month after the court-ordered discovery deadline and only a few weeks prior to the court-ordered motions deadline of December 9, 2014. During the depositions, McCollum obtained testimony which suggested that

---

[1] *Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980).
[2] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011).

No. 15-60166

Puckett had not terminated other employees for violating its drug and alcohol policy. Claiming that records of these incidents were relevant to his contention that the true reason Puckett fired him is his disability, McCollum first requested that Puckett provide further information about these incidents on December 7, 2012 – two days before the motions deadline. On December 9, 2012, Puckett filed its motion for summary judgment. On December 31, 2012, Puckett informed McCollum that it would not provide any further information because the discovery deadline had passed. On January 9, 2013 – a month after the court-ordered motions deadline – McCollum filed a motion to compel discovery, claiming that Puckett had failed to supplement its responses to include the incidents referred to during the depositions; i.e., that other Puckett employees had not been terminated for failing drug or alcohol tests. That same day, McCollum also filed his opposition to Puckett's motion for summary judgment. The district court denied McCollum's motion to compel, explaining that the parties' informal agreement to extend discovery deadlines was not binding on the court and undertaken at their own risk.

We agree with the district court's reasoning.[3] Even if we were to accept McCollum's contention that the discovery he sought by means of his motion to compel might have enabled him to survive summary judgment, our precedent suggests that a district court is within its discretion to deny a motion to compel filed on or after the court-ordered discovery deadline—regardless of the requested discovery's value to the party's case.[4] Here, McCollum filed his

---

[3] *See Squyres v. Heico Cos.,* 782 F.3d 224, 239 (5th Cir. 2015) ("[T]he district court was not bound by the parties' agreement and instead had 'broad discretion to preserve the integrity and purpose of the pretrial order.'" (citations omitted)).

[4] *See Grey v. Dallas Indep. Sch. Dist.,* 265 F. App'x 342, 348 (5th Cir. 2008) (per curiam) (citing *Turnage v. Gen. Elec. Co.,* 953 F.2d 206, 209 (5th Cir. 1992) (affirming the district court's denial of a motion for inspection and noting that the imminence of trial, the impending discovery deadline, and the party's failure to request the inspection earlier were all suitable reasons to deny the motion – even if the requested inspection would have helped

motion to compel approximately two-and-a-half months after the court-ordered discovery deadline, and a month after the court-ordered motions deadline.[5] We are satisfied that the district court did not abuse its discretion in denying McCollum's untimely motion to compel discovery responses.

## B.    Summary judgment – ADA claim

McCollum contends that the district court erred in dismissing his ADA claim as untimely. "We review a district court's grant or denial of summary judgment *de novo*, applying the same standard as the district court."[6] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] A factual issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party, and "material" if its resolution could affect the outcome of the action.[8] We construe all facts and inferences in the light most favorable to the non-moving party when reviewing a summary judgment.[9]

"The ADA prohibits an employer from discriminating against a 'qualified individual with a disability on the basis of that disability.'"[10] Title I of the ADA

---

the party's case))); *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398-99 (N.D. Tex. 2006) (denying party's motion to compel and noting that although the discovery sought appeared relevant, "this factor has not generally been considered by courts, and the alleged importance of the documents appears inconsistent with the delay in seeking the documents.").

[5] Although Federal Rule of Civil Procedure 37 does not contain a deadline for filing a motion to compel, Rule 16(b) permits the court to issue a scheduling order that sets deadlines in a case. Most courts rely on the discovery deadline, rather than the motions filing deadline, to determine whether a motion to compel is timely filed. *Days Inn Worldwide*, 237 F.R.D. at 397-98. Because McCollum filed his motion to compel after the discovery *and* motions deadlines, his motion is untimely under either test.

[6] *Robinson v. Orient Marine Co.*, 505 F.3d 364, 365 (5th Cir. 2007).

[7] Fed. R. Civ. P. 56(a).

[8] *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).

[9] *Id.*

[10] *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (quoting 42 U.S.C. § 12112(a)).

No. 15-60166

requires that claimants file a charge with the EEOC as a prerequisite to filing suit in federal court within 180 days of the alleged unlawful employment practice.[11]  On appeal, McCollum contends that because he was unaware that his discharge was discriminatory at the time of his termination, the court erred in using March 6, 2012 – the date of his termination – to compute the statute of limitations.  Our precedent forecloses his theory, as we have repeatedly held that "the limitations period starts running on the date the discriminatory *act* occurs," not when a claimant first perceives that a discriminatory motive might have caused the act.[12]  The district court did not err in ruling that the charge McCollum filed with the EEOC was untimely and thus he was barred from raising his claim in federal court.

In the alternative, McCollum contends that the court should have equitably tolled the 180-day statute of limitations.  We review a district court's decision regarding equitable tolling for abuse of discretion.[13]  "Equitable tolling is to be applied 'sparingly,'"[14] and only in "'rare and exceptional circumstances.'"[15]  McCollum contends that because of information learned after his termination – specifically (1) another employee told him that Puckett terminated his employment because of the medical costs associated with treating his cancer and (2) deposition testimony that several Puckett

---

[11] 42 U.S.C. § 12117(a); § 2000e-5(e)(1); *see Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (Title I of the ADA incorporates Title VII's administrative prerequisites for filing suit in federal court).

[12] *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 605 (5th Cir. 1986); *see, e.g.*, *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992) ("To allow plaintiffs to raise employment discrimination claims whenever they began to suspect their employers had illicit motives would effectively eviscerate the time limits prescribed for filing such complaints."); *Chapman v. Homco*, 886 F.2d 756, 758 (5th Cir. 1989) (same).

[13] *Agenbroad v. McEntire*, 595 F. App'x 383, 389 (5th Cir. 2014) (per curiam).

[14] *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).

[15] *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (quoting *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002)).

employees were not terminated for violating Puckett's drug and alcohol policy – the district court should have equitably tolled the statute of limitations. We have held that an employer's intentional concealment of facts giving rise to an ADA claim justifies equitable tolling.[16] But McCollum does not cite any record evidence that would support concluding that Puckett intentionally concealed facts supporting his claim. We are therefore satisfied that the district court did not abuse its discretion in declining to equitably toll the statute of limitations.[17]

Even assuming *arguendo* that the court erred in declining to toll the statute of limitations and reach the merits of McCollum's ADA claim, our review of the record satisfies us that his claim does not survive summary judgment. When a plaintiff offers circumstantial evidence, as in this case, to prove a violation of the ADA, we apply the *McDonnell Douglas* burden-shifting framework.[18] Under this framework, the plaintiff must first make out a *prima facie* case of discrimination: (1) He is disabled, (2) he is qualified for his job, (3) he was subjected to an adverse employment action on account of his disability and (4) he was replaced by or treated less favorably than non-disabled employees. Once the plaintiff makes his *prima facie* case, the burden shifts back to the employer to "articulate a legitimate non-discriminatory reason for the adverse employment action."[19] The burden then shifts back to the plaintiff to show that the articulated reason is pretextual.[20] "A plaintiff may establish

---

[16] *Granger*, 636 F.3d at 712.

[17] McCollum also claims that because the EEOC accepted his charge, this suggests that the district court erred in dismissing his claim as untimely. Our precedent forecloses his theory, because we have held that the district court has an independent obligation to determine a claimant's compliance with the statute of limitations. *Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 573 (5th Cir. 2013) (per curiam); *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1304 (5th Cir. 1979).

[18] *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009).

[19] *Id.*

[20] *Id.*

pretext 'by showing that a discriminatory motive more likely motivated' her employer's decision, such as through evidence of disparate treatment, 'or that [her employer's] explanation is unworthy of credence.'"[21]

Both parties appear to agree that McCollum presents a *prima facie* case of ADA discrimination. Assuming *arguendo* that he does, we are nevertheless satisfied that he cannot show that Puckett's proffered reason for his termination – that he attended the February 28, 2012 sales meeting while intoxicated – is pretextual. McCollum points to his clean work history and deposition testimony that "a dozen or so" unnamed Puckett employees had violated the drug and alcohol policy but were not terminated as evidence tending to show that Puckett's proffered reason is pretextual. But, McCollum does not provide any detail about the circumstances surrounding these violations that would establish disparate treatment and thus pretext.

Our precedent is clear that for a plaintiff to show disparate treatment, he must demonstrate that the misconduct for which he was discharged is "nearly identical" to that engaged in by an employee outside of his protected class whom the employer retained.[22] McCollum does not present any evidence that the unnamed employees who were not terminated for drug or alcohol infractions engaged in nearly identical conduct to that for which he was terminated – attending a sales meeting at which he was scheduled to give a presentation while intoxicated. Neither does McCollum adduce any evidence that those unnamed employees were outside of his protected class. Because McCollum failed to adduce evidence suggesting that Puckett's proffered reason for terminating him was pretextual, we conclude that granting summary judgment on his ADA claim was also proper on the merits.

---

[21] *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001) (alteration in original) (citation omitted).

[22] *Id.* at 221(internal quotation marks and citations omitted).

**C.    Summary judgment – FMLA interference and retaliation claims**

McCollum contends that the district court erred in granting summary judgment on his claim that Puckett interfered with his right to reinstatement and retaliated against him in violation of the FMLA. Congress enacted the FMLA to permit eligible employees "to take reasonable leave for medical reasons."[23] "The FMLA contains both *pre*scriptive provisions that create a series of entitlements or substantive rights and *pro*scriptive provisions that protect employees from retaliation or discrimination based on their exercise of those rights."[24] McCollum's claims implicate both: He asserts that Puckett interfered with his reinstatement and that Puckett retaliated against him for taking FMLA leave. The same burden-shifting analysis applicable to McCollum's ADA claims is applicable to his claims under the FMLA.[25]

We begin with McCollum's claim that Puckett interfered with his right to reinstatement in violation of the FMLA. When the employee returns timely, the employer must reinstate him "to the same position as previously held or a comparable position with equivalent pay, benefits, and working conditions."[26] To establish a *prima facie* case of interference, McCollum had to show that (1) he was an eligible employee, (2) Puckett was subject to the FMLA's requirements, (3) he was entitled to leave, (4) he gave Puckett proper notice of his intention to take FMLA leave, (5) Puckett interfered with the benefits to which he was entitled under the FMLA, and (6) he was prejudiced as a result.[27] The fifth element – whether Puckett interfered with rights to which McCollum

---

[23] *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (citing 29 U.S.C. § 2601(b)(2)).

[24] *Shirley v. Precision Castparts Corp.*, 726 F.3d 675, 681 (5th Cir. 2013).

[25] *Richardson v. Monitronics Int'l., Inc.*, 434 F.3d 327, 332 (5th Cir. 2005).

[26] *Cuellar v. Keppel Amfels, L.L.C.*, 731 F.3d 342, 345 (5th Cir. 2013) (per curiam) (quoting *Smith v. E. Baton Rouge Parish Sch. Bd.*, 453 F.3d 650, 651 (5th Cir. 2006)).

[27] *Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F. App'x 312, 316 (5th Cir. 2013) (per curiam).

No. 15-60166

was entitled under the FMLA – is the only element in dispute. Puckett contends that it did not interfere with any right to which McCollum was entitled because he was terminated for attending the sales meeting while intoxicated – which Puckett asserts is a legitimate, non-discriminatory reason. The burden thus shifts back to McCollum to demonstrate that Puckett's stated reason is pretextual. McCollum cites the same evidence as he did with his ADA claim: his clean work record and testimony that several unnamed Puckett employees were not terminated after violating the drug and alcohol policy.[28]

We are satisfied that the district court did not err in ruling that McCollum's proffered evidence does not tend to show that Puckett's stated reason for failing to reinstate him was pretextual. McCollum acknowledged in his deposition that he was fired for being intoxicated.[29] And, as discussed previously, the deposition testimony that several unnamed employees had violated Puckett's drug and alcohol policy but had not been terminated does not create a genuine dispute of material fact as to whether Puckett's stated reason for terminating McCollum was pretextual. This is because it lacks sufficient detail about the incidents. We are satisfied the district court correctly dismissed his FMLA interference claim.

We conclude by reviewing McCollum's claim that the district court erred in dismissing his FMLA retaliation claim. To establish a *prima facie* case of retaliation under the FMLA, McCollum must show the following: (1) He was protected under the FMLA, (2) he suffered an adverse employment action, and

---

[28] McCollum explains that he had consumed more prescription Ambien than usual, unknowingly consumed more wine than expected, and is diagnosed with a medical condition known as "open LES" which can affect the accuracy of a Breathalyzer test. Regardless of the reasons underlying his intoxication, McCollum does not dispute that he was intoxicated on the date of the incident in violation of Puckett's workplace alcohol policy.

[29] *See Shirley,* 726 F.3d at 683 (affirming district court's grant of summary judgment on plaintiff's FMLA reinstatement claim where the plaintiff had been terminated for violating the employer's drug policy).

No. 15-60166

(3) he was treated less favorably than an employee who had not requested FMLA leave or the adverse decision was made because he sought protection under the FMLA.[30]   The same burden-shifting analysis discussed above applies.  The parties assume that McCollum presents a *prima facie* case, and McCollum's disagreement with the district court's ruling relies on the same point that we noted above: Puckett's stated reason is pretextual because other employees were not terminated for violating Puckett's drug and alcohol policy. And, for substantially the same reasons explained above, we hold that the district court correctly ruled that McCollum did not present any evidence from which a reasonably jury could infer that Puckett's proffered reason for his termination is pretextual and the true reason is retaliatory.

### III.  Conclusion

For the foregoing reasons, the judgment of the district court is, in all respects, AFFIRMED.

---

[30] *Mauder v. Metro. Transit Auth. of Harris Cty., Tex.*, 446 F.3d 574, 583 (5th Cir. 2006).